IN THE OREGON TAX COURT
REGULAR DIVISION

Carol R. KNAPP,
Dee West, Gary West,
Frank Crum, Georgeann Crum,
Fred Miller, Marie Miller,
Don Parker, Linda K. Bush, Carolyn Endeman,
Paul Hayes, and Alvin K. Reiss,
*Plaintiffs,*

*v.*

The CITY OF JACKSONVILLE, OREGON,
*Defendant.*

(TC 4641)

Karen M. Williams and Bruce C. Hamlin, Lane Powell Spears Lubersky LLP, Portland, argued the cause for Plaintiffs (taxpayers).

Kurt H. Knudsen, Ashland, argued the cause for Defendant (the city).

Decision rendered April 14, 2005. Parties stipulated to General Judgment filed July 5, 2005.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter comes before the court on the question of the appropriate remedy under the statutes.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This matter has been the subject of a previous order of the court. *Knapp I v. City of Jacksonville*, 18 OTR 22 (2004). The content of that order is adopted by reference. To provide the context in which the present order of the court is decided, the following factual and procedural background is provided.

Defendant City of Jacksonville (the city) adopted a public safety surcharge (the surcharge) and collected amounts from Plaintiffs (taxpayers) under that surcharge. The city later amended the surcharge (the amended surcharge), collected amounts under that amended surcharge, and discontinued collection under the surcharge. Taxpayers established that the surcharge was a tax subject to the limits of Article XI, section 11b, of the Oregon Constitution (Measure 5). In ruling in favor of taxpayers, the court stated that "[t]he parties agreed that if the surcharge was found to be a tax subject to Measure 5, further proceedings would be needed to determine whether the limitations of Measure 5 had been exceeded. Therefore, this case will be continued as to that issue." *Knapp I*, 18 OTR at 29.

The court subsequently requested that the parties address what relief, if any, is now in principle available and to whom that relief may be available. The court did not require the parties to address actual computations of relief at this time. In response to that request, the parties submitted briefs. This matter is now before the court for consideration of the appropriate remedy under the statutes.

## III. ISSUE

What is the appropriate remedy under the statutes in this case in which the court has concluded that the surcharge is subject to the Measure 5 limitations and to whom is that remedy available?

## IV. ANALYSIS

Taxpayers successfully challenged the validity of the surcharge under Article XI, section 11b, of the Oregon Constitution, among other challenges. Taxpayers now request that the court declare the surcharge void, at least as to them, and refund the entirety of the amounts collected from them. In support of that position, taxpayers assert that ORS 294.485[1] provides a statutory basis for their requested relief.

■ The city contends that, pursuant to ORS 305.580, the exclusive remedy for a successful Measure 5 challenge is located in ORS 305.583, ORS 305.585, ORS 305.587, and ORS 305.589. In particular, the city asserts that the appropriate remedy is found in ORS 305.587, which provides, in pertinent part:

"(1) If * * * the regular division of the Oregon Tax Court finds that a challenged tax, fee, charge or assessment is subject to the limits of section 11 or 11b, Article XI of the Oregon Constitution, the tax court may:

"(a) Order the government unit to make refunds to petitioners of any part of the challenged tax, fee, charge or assessment imposed on or after the date that is 90 days before the date the petition was filed and that was collected in excess of the limits of section 11 or 11b, Article XI of the Oregon Constitution. * * *.

"(b) Order such relief as it considers appropriate, including cancellation of taxes imposed but not collected, but such relief shall have prospective effect only. * * *."

The court agrees with the city as to the basic source of relief to taxpayers. As the Oregon Supreme Court has stated, "ORS 305.583 and 305.587 * * * provide the exclusive means of obtaining a refund of taxes imposed and collected in excess of

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

the limits of Measure 5." *Smith v. Multnomah County Board of Commissioners,* 318 Or 302, 309-10, 865 P2d 356 (1994). The statutory remedies that taxpayers have identified are not available to them because the nature of their challenge limited their available remedy. In particular, taxpayers may not claim a remedy under ORS 294.485 because they did not make their claim for relief under that statute.[2] The court concludes, therefore, that the remedies available to taxpayers are those located in ORS 305.587.

■ ■ Having concluded that ORS 305.587 provides the statutory basis for taxpayers' relief, the court next turns to what relief, if any, it will order in this case. Both parties agree that the court may order the refund of any amount collected under the surcharge in excess of the limitations imposed by Measure 5 that meet the other requirements of ORS 305.587(1)(a). The city contends, however, that the court should exercise its discretion under ORS 305.587(1)(a), or in the alternative its equitable authority under ORS 305.405, to deny taxpayers that refund because it is unlikely that the city collected any amount in excess of the Measure 5 limitations and because the surcharge and the amended surcharge are indistinguishable. The court declines to adopt the city's view. The court concludes, therefore, that the city must refund to the taxpayer plaintiffs in this case any amount collected under the surcharge that meets the requirements of ORS 305.587(1)(a); *i.e.,* the amount, if any, in excess of the constitutional limits identified in that statute. The court also concludes that it may not offer any prospective relief under ORS 305.587(1)(b) because the surcharge has been amended and because the city no longer collects under the surcharge.

## V. CONCLUSION

Based on the foregoing, the court concludes that the city must refund to taxpayers any amount that the city collected under the surcharge in excess of the Measure 5 limitations. The case will be continued for determination of the correct refund amount.

Costs to neither party.

---

[2] The city notes, and the court agrees, that taxpayers would not, in any case, have been entitled to relief under ORS 294.485 because that statute only addresses ad valorem property taxes.